# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA, ET AL. | No. 24-1107 (Consolidated with 24-1110 and 24-1109) |
| Petitioner, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency | |
| Respondents. | |

## MOTION OF THE AMERICAN IRON AND STEEL INSTITUTE FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENTS

### INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure Rule 15(d) and 27, and Circuit Rules 15(b) and 27, the American Iron and Steel Institute ("AISI") and "Movant-Intervenor") respectfully moves for leave to intervene in case no. 24-1107 in support of Respondent, the United States Environmental Protection Agency ("EPA" or "Agency"). Counsel for Petitioners, Fond du Lac Band of Lake Superior Chippewa, Save Lake Superior Association, Save Our Sky Blue Waters (case no. 24-1107) (collectively, "Petitioners"), state that they do not oppose this motion.

Respondent EPA takes no position on this motion. In support of this motion, Movant-Intervenor states as follows:

On May 3, 2024, the Petitioners filed a petition for review challenging a final action taken by EPA entitled, "National Emission Standards for Hazardous Air Pollutants: Taconite Iron Ore Processing; Final Rule," 89 Fed. Reg. 16408 (March 6, 2024) ("Final Rule"). Pet. For Review, *Fond du Lac Band of Lake Superior Chippewa, et al.* v. *EPA*, No. 24-1107, Doc. #2052841 (D.C. Cir. May 3, 2024). On May 6, 2024, this court consolidated case no. 24-1107 with cases nos. 24-1110 and 24-1109. Order, *Fond du Lac Band of Lake Superior Chippewa, et al.* v. *EPA*, No. 24-1107, Doc #2053019 (D.C. Cir. May 6, 2024); Order, *Fond du Lac Band of Lake Superior Chippewa, et al.* v. *EPA*, No. 24-1107, Doc #2052991 (D.C. Cir. May 6, 2024).

AISI is a trade association comprised of steel producing member companies, and associate members who are their suppliers and customers. AISI serves as the voice of the American iron and steel industry in the public policy arena and advances the case for steel in the marketplace as the preferred material of choice. One AISI member currently owns and operates five of the seven operating taconite iron ore processing facilities regulated under the Final Rule, which is codified in 40 CFR Part 63, Subpart RRRRR. This Subpart regulating Taconite Iron Ore Processing Facilities is the subject of the rulemaking challenged by Petitioners. Taconite iron

ore is a primary raw material for the iron and steel manufacturing industry represented by AISI.

On behalf of its members, AISI regularly engages in administrative proceedings before EPA under environmental statutes that affect its members and in litigation arising from those proceedings. Given that AISI's members own facilities that are subject to emission standards under the final action challenged by Petitioners, the disposition of the issues raised in this case will have a substantial direct impact on AISI and its member companies. In addition, AISI submitted extensive comments on the proposed rules which led to the Final Rules at issue.

**ARGUMENT**

I. **Standard of Review**

Motions to intervene must be filed within thirty days of the filing of a petition for review. FRAP 15(d); *see also* D.C. Cir. R. 15(b). The rule should contain a "concise description of the interest of the moving party and the grounds for intervention." *Id*. The D.C. Circuit Court of Appeals has looked to the factors in Fed. R. Civ. P. 24(a)(2), regarding intervention of right, to determine if a movant qualifies for intervention in this Court. The factors include "(1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's

ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.'" *Fund For Animals, Inc. v. Norton*, 322 F.3d 728 (D.C. Cir. 2003) (citing *Mova Pharma. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998). In addition to the factors above, the Court may also consider if the movant has standing under Article III since the party "seeks to participate on an equal footing with the original parties to the suit." *City of Cleveland v. NRC*, 17 F3d. 1515, 1517 (D.C. Cir. 1994).

## II. AISI has standing to intervene in this matter.

An intervenor establishes standing under Article III when it demonstrates an injury-in-fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). In *Military Toxics Project v. EPA*, 146 F.3d 948 (D.C. Cir., June 30, 1998) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 USC 333 (1977), the Court found that an association of chemical manufacturers had standing to intervene in a challenge to a military munitions rule under RCRA. In making this determination, the Court considered that such an association would have standing when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* at 953.

Here, AISI satisfies all three of the elements of standing. AISI's members, including taconite iron ore processing facilities, stand to suffer direct harm from challenges brought by Petitioners to the Final Rule if the Court were to grant relief sought by Petitioners. Further, based on the reasoning in *Military Toxics Project*, AISI's members also have standing to sue in their own right – and indeed have done so in their own challenges to the Final Rule consolidated with this case – and the interests AISI seeks to protect are inherently tied to its purpose of furthering the interests of the nation's domestic steel industry – as summarized in the introduction.

As will be discussed below, AISI also meets the criteria for intervention of right under Fed. R. Civ. P. 24(a)(2). Several courts of appeal have taken the position that movants who meet these criteria also meet the standing requirement of Article III. *See, e.g., Roeder v. Islamic Republic of Iran*, 333 F.3d 228 (D.C. Cir. 2003) (citing *Sokaogon Chippewa Cmty v. Babbit*, 214 F.3d 941, 946 (7th Cir. 2000). This further supports that AISI has standing to intervene in this case.

### III. AISI Meets the Criteria for Intervention of Right

**a. The motion is timely filed and will not delay proceedings.**

Federal Rule of Appellate Procedure 15(d) requires that motions to intervene are due within thirty days of the filing of a petition for review. Because Petitioners filed their petition for review on May 3, 2024, this motion is timely filed within thirty days on June 3, 2024 (with June 2, 2024, landing on a Sunday). Further, briefing

has not begun in this case so Movant-Intervenor's participation will be consistent with efficient review by the Court and not be a source of delay.

### b. AISI has a clear and substantial interest relating to the subject of the agency action.

AISI requests to intervene because both AISI and its members have a direct and substantial interest in the proceeding. *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). First, AISI's members, as outlined above, have standing to sue in their own right to protect their interests as affected sources regulated by the Final Rule at issue in this case. As objects of the rulemaking at issue, these AISI members have a clear interest that goes to the heart of the underlying action. *Sierra Club v EPA*, 292 F.3d 895, 900 (D.C. Cir. June 18, 2002) (Providing that there is little question of injury and redress where "the complainant is 'an object of the action (or forgone action) at issue'").

Second, AISI's members further stand to be harmed by relief sought by Petitioners because they are directly subject to the challenged Rule and thus "will either gain or lose by direct legal operation and effect of the judgment." *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1292 (D.C. Cir. 1980) (citing *Smith v. Gale*, 144 US 509, 518 (1892). In other words, pointing to the elements of intervention by right, the disposition of the present challenge could "impair or impede" AISI's ability to protect its members interests. If Petitioners were to prevail in challenging the Final Rule, AISI's members would face increased compliance risks and

substantial costs to comply, both of which threaten the competitiveness of the domestic taconite mining industry in the global marketplace. Such consequences support a substantial, direct interest that justifies intervention by AISI.

### c. Existing respondents may not adequately serve the taconite ore processing industry's interests.

The burden to show that a movant's interests are not adequately represented by the existing parties is not meant to be "onerous," and the applicant "need only show that representation 'may be' inadequate, not that representation will in fact be inadequate." *See, e.g., Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C., March 3, 2009) (citing *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)). Given AISI's role as a primary voice of the iron and steel industry in public policy, AISI is well suited to protect its members' "economic and proprietary interests" as well as provide environmental and technical expertise necessary to understand the Final Rule's effects on the continued success of the steel industry and local environmental impacts on communities. *Id.*

Respondent EPA, as a government agency, cannot adequately represent the financial interest of the regulated industry, nor can it represent with any authority what is feasible or infeasible for the industry sources regulated. Courts have recognized a government agency does not adequately represent these and other interests of regulated private parties. *See, e.g.*, Dimond, 792 F.2d at 192 (The application fit "squarely within the relatively large class of cases … recognizing the

inadequacy of governmental representation of the interests of private parties …"). In such circumstances, industry representatives such as AISI are better placed to "contribute to the informed resolution" of questions and "may also be likely to serve as a vigorous and helpful supplement to EPA's defense." *See, e.g., Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. June 15, 1977) (Explaining how industry's interest is narrower and more focused than EPA, "being concerned primarily with the regulation that affects their industries."). AISI's interests are indeed more focused than EPA on the financial and regulatory burdens of the Final Rule at issue in this case.

There is also a clear point where EPA's interests and AISI's may reasonably be anticipated to diverge, particularly since EPA has jurisdiction to regulate AISI's members. *Funds for Animals*, 322 F.3d at 736 (Noting that interests of the Department of Interior Fish & Wildlife Service ("FWS") could diverge from a foreign Natural Resources Department given FWS could be required to assess the quality of the intervenor's conservation program).

In sum, AISI satisfies the requirement for a clear and substantial interest in the proceedings to warrant intervention under FRAP Rule 15(b).

## CONCLUSION

For the foregoing reasons, AISI respectfully requests that the Court grant it leave to intervene as a respondent in support of EPA in Petitioners' challenge

to the Final Rule.

| | |
|---|---|
| Dated: June 3, 2024 | /s/Douglas A. McWilliams<br>Douglas A. McWilliams (D.C. Cir. No. 49715)<br>Allen A. Kacenjar (D.C. Cir. No. 49708)<br>SQUIRE PATTON BOGGS (US) LLP<br>1000 Key Tower, 127 Public Square<br>Cleveland, Ohio 44114-1304<br>Telephone: (216) 479-8500<br>Facsimile: (216) 479-8780<br>douglas.mcwilliams@squirepb.com<br>allen.kacenjar@squirepb.com<br><br>Rebekah M. Singh (D.C. Cir. No. 52306)<br>SQUIRE PATTON BOGGS (US) LLP<br>2000 Huntington Center, 41 S. High St.<br>Columbus, Ohio 43215<br>Telephone: (614) 365-2700<br>Facsimile: (614) 365-2499<br>rebekah.singh@squirepb.com<br><br>*Counsel for Petitioner American Iron and Steel Institute.* |

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing Motion of the American Iron and Steel Institute for Leave to Intervene in Support of Respondents complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,820 words, excluding the parts of the motion exempted under Rule 32(f), according to the count of Microsoft Word.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 14.

Dated: June 3, 2024

/s/ Douglas A. McWilliams
Douglas A. McWilliams
*Counsel for Petitioner*

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA, ET AL. ) ) ) Petitioner, ) ) v. ) ) UNITED STATES ) ENVIRONMENTAL ) PROTECTION AGENCY, and ) MICHAEL S. REGAN, ) Administrator, United States ) Environmental Protection Agency ) ) Respondents. | No. 24-1107 (Consolidated with 24-1110 and 24-1109) |

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

As required by Circuit Rule 27(a)(4) and pursuant to Circuit Rule 28(a)(1)(A), the following Certificate as to Parties and *Amici* is made on behalf of the American Iron and Steel Institute:

**Parties and *Amici***

This case involves a challenge to a final action taken by Respondents, U.S. Environmental Protection Agency entitled, "National Emission Standards for Hazardous Air Pollutants: Taconite Iron Ore Processing; Final Rule," 89 Fed. Reg. 16408 (March 6, 2024) ("Final Rule"). There was no action in the district court on

this Final Rule, and so there were no parties in the district court. The parties in this case, Case No. 24-1107, and related cases include:

**Petitioners:**

Case No. 24-1107: Fond du Lac Band of Lake Superior Chippewa; Save Lake Superior Association; Save Our Sky Blue Waters.

Case No. 24-1110: Cleveland-Cliffs Inc.

Case No. 24-1109: United States Steel Corporation

**Respondents**

U.S. Environmental Protection Agency and Michael S. Regan, Administrator

**Movant Respondent-Intervenors**

American Iron and Steel Institute

**Amici**

No entity has been admitted as an *amicus* at this time.

**Rule 26.1 Disclosures**

See American Iron and Steel Institute accompanying disclosure to the Motion to Intervene.

We are unaware that this Court has granted any interventions at this time.

/s/ Douglas A. McWilliams  
Douglas A. McWilliams  
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Douglas A. McWilliams
Douglas A. McWilliams
*Counsel for Petitioner*

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA, ET AL. | ) ) ) | No. 24-1107 |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## **DISCLOSURE STATEMENT PURSUANT TO RULE 26.1**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, the undersigned counsel files the following statement for Intervenor-Movant American Iron and Steel Institute (AISI):

AISI serves as the voice of the American steel industry and represents producer member companies, including integrated and electric arc furnace steelmakers, and associate members who are suppliers to, or customers of, the steel industry. Such members include owners of taconite iron ore processing facilities. AISI states that it is a "trade association" for purposes of Circuit Rule 26.1(b). AISI has no outstanding shares or debt securities in the hand of the public and has no

parent company. No publicly held company has a 10% or greater ownership interest in AISI.

| | |
|---|---|
| Dated:  June 3, 2024 | /s/Douglas A. McWilliams<br>Douglas A. McWilliams (D.C. Cir. No. 49715)<br>Allen A. Kacenjar (D.C. Cir. No. 49708)<br>SQUIRE PATTON BOGGS (US) LLP<br>1000 Key Tower, 127 Public Square<br>Cleveland, Ohio 44114-1304<br>Telephone:  (216) 479-8500<br>Facsimile:  (216) 479-8780<br>douglas.mcwilliams@squirepb.com<br>allen.kacenjar@squirepb.com<br><br>Rebekah M. Singh (D.C. Cir. No. 52306)<br>SQUIRE PATTON BOGGS (US) LLP<br>2000 Huntington Center, 41 S. High St.<br>Columbus, Ohio 43215<br>Telephone:  (614) 365-2700<br>Facsimile:  (614) 365-2499<br>rebekah.singh@squirepb.com<br><br>*Counsel for Petitioner American Iron and Steel Institute.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Douglas A. McWilliams
*Counsel for Petitioner American Iron and Steel Institute*